

Jose Fredy Palma Portillo
A No. 087-533-081
Pro Se Petitioner
Currently detained at:
Delaney Hall Detention Facility
451 Doremus Avenue
Newark, NJ 07105

August 5, 2026

Clerk of Court
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

SO ORDERED.

*Brian R. Martinotti*
BRIAN R. MARTINOTTI, USDJ
DATED: AUG. 10, 2026

**Re:** Jose Fredy Palma Portillo v. Luis Soto, et al.
    Civil Action No. 2:26-cv-07898-BRM
    A No. 087-533-081

Dear Clerk of Court:

Please accept the enclosed documents for filing in the above-captioned matter:

1. Petitioner's Request for Leave to File a Limited Reply and to Deem the Proposed Reply Filed Upon Grant of Leave;
2. Proposed Order Granting Petitioner Leave to File a Limited Reply; and
3. Petitioner's Proposed Limited Reply in Further Support of the Motion for Reconsideration.

The proposed limited reply is enclosed solely for the Court's review in connection with the Request for Leave under Local Civil Rule 7.1(d)(3). Petitioner respectfully requests that it not be treated as an authorized reply unless the Court grants leave. The enclosed proposed order asks that, if leave is granted, the Clerk docket the proposed reply and deem it filed without requiring a second submission.

Petitioner is detained and proceeding pro se. For that reason, the Request for Leave, proposed order, and proposed reply are submitted together in one package to avoid unnecessary delay and a second mailing.

Petitioner respectfully requests that these documents be docketed promptly and presented to the Honorable Brian R. Martinotti for consideration. Please date-stamp the enclosed copy of this cover letter for Petitioner's records.

Thank you for your assistance.

Respectfully submitted,

Jose Fredy Palma Portillo
Pro Se Petitioner
A No. 087-533-081

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOSE FREDY PALMA PORTILLO,
Petitioner,

v.

LUIS SOTO, in his official capacity as
Director/Warden of Delaney Hall Detention Facility;
ARTHUR J. WILSON JR., in his official capacity as
Acting Field Office Director, Newark Field Office,
Enforcement and Removal Operations, U.S.
Immigration and Customs Enforcement;
DAVID J. VENTURELLA, in his official capacity as
Senior Official Performing the Duties of the Director,
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as
Secretary of the U.S. Department of Homeland
Security; and
TODD M. BLANCHE, in his official capacity as
Acting Attorney General of the United States,

Respondents.

Civil Action No. 2:26-cv-07898-BRM

Immigration No. A 087-533-081

## PETITIONER'S REQUEST FOR LEAVE TO FILE A LIMITED REPLY AND TO DEEM THE PROPOSED REPLY FILED UPON GRANT OF LEAVE

1. Petitioner Jose Fredy Palma Portillo, A No. 087-533-081, proceeding pro se and currently detained, respectfully requests leave under Local Civil Rule 7.1(d)(3) to file a limited reply to Respondents' August 4, 2026 opposition to Petitioner's Motion for Reconsideration, ECF No. 11.

1

2. Local Civil Rule 7.1(d)(3) provides that reply papers relating to a motion for reconsideration may not be filed unless permitted by the Court. Petitioner therefore does not submit the enclosed proposed reply as an authorized reply at this time. It is enclosed solely for the Court's review in deciding whether leave should be granted. Pursuant to Local Civil Rule 7.1(d)(4), Petitioner states that no separate brief is necessary because the legal basis and good cause for the requested relief are set forth in this Request.

**GOOD CAUSE EXISTS FOR A LIMITED REPLY**

3. Respondents' opposition raises focused matters that warrant a short response. First, Respondents argue that reconsideration is not the proper vehicle and that Petitioner must proceed only by appeal. Although *Banister v. Davis* arose under 28 U.S.C. § 2254, it explains that a timely Rule 59(e) motion is a one-time effort to bring alleged errors in a just-issued habeas decision to the district court before a single appeal and is a limited continuation of the original proceeding. 590 U.S. 504, 519–20 (2020).

4. Second, Respondents attached a previously unfiled cancellation copy of Petitioner's 2009 Order of Release on Recognizance, ECF No. 11-1, and rely on that document as an answer to Petitioner's revocation and custody-process claims. The proposed reply addresses the narrow significance of that exhibit: the form confirms cancellation on June 26, 2026, but the box stating that Petitioner failed to comply with release conditions is not checked, and the opposition still identifies no prompt informal interview or reasoned post-removal-period custody determination under 8 C.F.R. § 241.4.

2

5. Third, the proposed reply identifies a closely analogous decision from this District, *V.S.P.H. v. Soto*, No. 2:25-cv-18835 (SDW), slip op. at 3–4 (D.N.J. Feb. 10, 2026), which applied the detention-specific distinction recognized in *Khalil v. President, United States* and held that § 1252(b)(9) did not bar a narrow claim that the Government failed to follow its own procedures before re-detention. The proposed reply does not add a new claim, repeat the full reconsideration motion, or seek to relitigate the removal order. It is confined to the arguments and new exhibit in ECF No. 11, remains within the applicable page limit under Local Civil Rule 7.2(b), and is designed to assist the Court in deciding the precise issues now presented. Respondents will suffer no prejudice because the proposed reply is concise and responds only to their opposition.

6. Because Petitioner is detained and proceeding pro se, requiring a second mailing after leave is granted would cause unnecessary delay. Petitioner therefore respectfully requests that the Court grant leave and direct the Clerk to docket the enclosed proposed limited reply as filed as of the date of the Court's order, without requiring Petitioner to resubmit it.

**REQUESTED RELIEF**

7. Petitioner respectfully requests that the Court: (1) grant leave to file the enclosed proposed limited reply; (2) direct the Clerk to docket that proposed reply as Petitioner's Limited Reply in Further Support of the Motion for Reconsideration; and (3) deem the reply filed and served as of the date leave is granted.

Respectfully submitted,

3

Dated: August 5, 2026

Jose Fredy Palma Portillo
Pro Se Petitioner
A No. 087-533-081
Currently detained at:
Delaney Hall Detention Facility
451 Doremus Avenue
Newark, NJ 07105

4

## CERTIFICATE OF SERVICE

I certify that on August 5, 2026, a true and correct copy of Petitioner's Request for Leave to File a Limited Reply, the proposed order, and the enclosed proposed limited reply was served by first-class U.S. mail and by email upon counsel for Respondents:

Kevin J. Maggio
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
Civil Division
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
kevin.maggio@usdoj.gov

John Francis Basiak
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
402 East State Street, Room 430
Trenton, NJ 08608
john.basiak@usdoj.gov

Jose Fredy Palma Portillo
Pro Se Petitioner

5

.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOSE FREDY PALMA PORTILLO,

Petitioner,

v.

LUIS SOTO, in his official capacity as
Director/Warden of Delaney Hall Detention Facility;
ARTHUR J. WILSON JR., in his official capacity as
Acting Field Office Director, Newark Field Office,
Enforcement and Removal Operations, U.S.
Immigration and Customs Enforcement;
DAVID J. VENTURELLA, in his official capacity as
Senior Official Performing the Duties of the Director,
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as
Secretary of the U.S. Department of Homeland
Security; and
TODD M. BLANCHE, in his official capacity as
Acting Attorney General of the United States,

Respondents.

Civil Action No. 2:26-cv-07898-BRM

Immigration No. A 087-533-081

## [PROPOSED] ORDER GRANTING PETITIONER LEAVE TO FILE A LIMITED REPLY

THIS MATTER having come before the Court upon Petitioner Jose Fredy Palma Portillo's

Request for Leave to File a Limited Reply to Respondents' opposition to the Motion for

Reconsideration, ECF No. 11; and

The Court having considered Petitioner's request and the proposed limited reply submitted with

it; and

For good cause shown;

IT IS on this _____ day of _____, 2026,

ORDERED that Petitioner's Request for Leave to File a Limited Reply is GRANTED; and it is

further

ORDERED that the Clerk shall docket the proposed limited reply enclosed with Petitioner's

request as "Petitioner's Limited Reply in Further Support of Motion for Reconsideration"; and it

is further

ORDERED that the Limited Reply shall be deemed filed as of the date of this Order, without

requiring Petitioner to submit a second copy; and it is further

ORDERED that no further briefing shall be filed unless directed by the Court.

**SO ORDERED.**
Dated: _____, 2026
Newark, New Jersey

_____
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE FREDY PALMA PORTILLO,<br>Petitioner,<br><br>v.<br><br>LUIS SOTO, in his official capacity as<br>Director/Warden of Delaney Hall Detention Facility;<br>ARTHUR J. WILSON JR., in his official capacity as<br>Acting Field Office Director, Newark Field Office,<br>Enforcement and Removal Operations, U.S.<br>Immigration and Customs Enforcement;<br>DAVID J. VENTURELLA, in his official capacity as<br>Senior Official Performing the Duties of the Director,<br>U.S. Immigration and Customs Enforcement;<br>MARKWAYNE MULLIN, in his official capacity as<br>Secretary of the U.S. Department of Homeland<br>Security; and<br>TODD M. BLANCHE, in his official capacity as<br>Acting Attorney General of the United States,<br><br>Respondents. | Civil Action No. 2:26-cv-07898-BRM<br><br>Immigration No. A 087-533-081 |

**PROPOSED — SUBMITTED WITH REQUEST FOR LEAVE UNDER L. CIV. R.
7.1(d)(3)**
**PETITIONER'S PROPOSED LIMITED REPLY IN FURTHER SUPPORT OF MOTION
FOR RECONSIDERATION**

1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................ 4

I. RULE 59(e) IS A PROPER VEHICLE TO PRESENT THE ASSERTED ERRORS ... 4

II. RESPONDENTS DO NOT ANSWER THE § 241.4 CUSTODY-PROCESS CLAIM ... 5

III. RESPONDENTS' NEW EXHIBIT CONFIRMS CANCELLATION, NOT NONCOMPLIANCE ... 6

IV. THE CUSTODY-PROCESS CLAIM CAN BE RESOLVED WITHOUT REVIEWING REMOVABILITY ... 7

V. THE PRESENT UNREMEDIED CUSTODY INJURY SUPPORTS RECONSIDERATION ... 9

CONCLUSION .................................................. 9

# TABLE OF AUTHORITIES

*Accardi v. Shaughnessy*, 347 U.S. 260 (1954)

*Banister v. Davis*, 590 U.S. 504 (2020)

*Blystone v. Horn*, 664 F.3d 397 (3d Cir. 2011)

*Jennings v. Rodriguez*, 583 U.S. 281 (2018)

*Khalil v. President, United States*, 164 F.4th 259 (3d Cir. 2026)

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669 (3d Cir. 1999)

*Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387 (D.N.J. 2025)

*V.S.P.H. v. Soto*, No. 2:25-cv-18835 (SDW) (D.N.J. Feb. 10, 2026)

*Zadvydas v. Davis*, 533 U.S. 678 (2001)

8 U.S.C. §§ 1231(a)(6), 1252(a)(5), (b)(9)

8 C.F.R. § 241.4

Fed. R. Civ. P. 59(e)

L. Civ. R. 7.1(d)(3), 7.1(i)

**PRELIMINARY STATEMENT**

1. Respondents characterize Petitioner's motion as mere disagreement and contend that appeal, rather than reconsideration, is the only proper course. ECF No. 11 at 1–2. That description does not address the motion actually filed. Petitioner invokes the third, independent ground for Rule 59(e) relief: the need to correct asserted clear legal error and prevent manifest injustice. He identifies specific matters not addressed in the Opinion, including the effect of the Court's own holding that the mandatory removal period expired in 2012 and the procedures governing Petitioner's present post-removal-period custody under 8 C.F.R. § 241.4.

2. Respondents' new exhibit also does not resolve those matters. It proves that ICE cancelled Petitioner's release on June 26, 2026 because he was taken into custody for removal. ECF No. 11-1. It does not establish that Petitioner violated a release condition, and it does not show that ICE furnished the separate notice, prompt interview, or reasoned custody determination challenged in the motion.

## I. RULE 59(e) IS A PROPER VEHICLE TO PRESENT THE ASSERTED ERRORS

3. Respondents emphasize that reconsideration is limited and may not be used merely to obtain a second decision. Petitioner agrees. But the absence of new law or newly discovered evidence is not dispositive because the recognized grounds are alternative. A motion may also seek correction of clear legal error or prevention of manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); see also *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

4

4. Respondents' assertion that appeal is the appropriate course does not make Rule 59(e) unavailable where the motion alleges clear error in a just-issued habeas judgment. Although *Banister v. Davis* arose under 28 U.S.C. § 2254, it describes Rule 59(e) as a one-time effort to bring alleged errors in a just-issued habeas decision to the district court before a single appeal and as a limited continuation of the original proceeding. 590 U.S. 504, 519–20 (2020). Petitioner does not present a new habeas claim. He asks the Court to address the jurisdictional and regulatory questions that became dispositive in the Opinion. Whether those asserted errors ultimately warrant relief is the merits question; it does not make the procedural vehicle improper.

## II. RESPONDENTS DO NOT ANSWER THE § 241.4 CUSTODY-PROCESS CLAIM

5. The Opinion held that Petitioner's mandatory 90-day removal period ended on August 1, 2012. ECF No. 7 at 4. Respondents do not dispute that holding. Petitioner's present detention therefore falls under post-removal-period authority, 8 U.S.C. § 1231(a)(6), rather than the mandatory period in § 1231(a)(2). Section 241.4(a) governs continued detention or release under § 1231(a)(6) beyond the removal period, and § 241.4(b)(1) expressly provides that a person with a pending motion to reopen remains subject to that section unless reopening is granted. Petitioner recognizes that the 2009 I-220A was issued before the final order under INA § 236. But the present 2026 custody is under § 1231(a)(6), and at minimum Respondents must identify the precise statutory and regulatory authority and procedures under which they cancelled release and continued detention.

6. The opposition nevertheless answers only that Petitioner remains subject to a final order and has been detained for less than six months. ECF No. 11 at 2. Those propositions may bear on a *Zadvydas* foreseeability claim, but they do not answer whether ICE complied with the custody procedures applicable to the current detention. Section 241.4(d) requires a custody decision retaining detention to be furnished and to state reasons. If, as Respondents assert, ICE cancelled or revoked Petitioner's continuing release, § 241.4(l)(1) requires notice of the reasons for revocation and a prompt informal interview after return to custody. Under *Accardi*, an agency must adhere to regulations governing the exercise of its delegated authority. *Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954). The opposition identifies neither a reasoned custody decision nor an informal interview.

7. Petitioner does not ask the Court to hold that removal is presently impossible. *Munoz-Saucedo v. Pittman* is cited only for the narrower proposition that the six-month period recognized in *Zadvydas* is a rebuttable presumption, not a categorical jurisdictional barrier. 789 F. Supp. 3d 387, 395–400 (D.N.J. 2025) (discussing *Zadvydas v. Davis*, 533 U.S. 678, 699–701 (2001)). More importantly, the regulatory custody-process claim does not depend on proving that removal is unforeseeable.

## III. RESPONDENTS' NEW EXHIBIT CONFIRMS CANCELLATION, NOT NONCOMPLIANCE

8. Respondents rely on the 2009 I-220A condition requiring Petitioner to surrender for removal "if so ordered." ECF No. 11 at 2; ECF No. 11-1. But the cancellation portion of the same form is significant. The box stating that Petitioner "failed to comply with the conditions of release" is not checked. ICE instead checked that Petitioner "was taken into custody for removal" and dated the cancellation June 26, 2026.

9. Thus, the exhibit confirms the act of cancellation; it does not establish noncompliance, flight, danger, or refusal to surrender. Respondents identify no separate written surrender order and no notice that the June 26 return appointment was an order to surrender for removal. The call-in documents directed Petitioner to attend a check-in, and he appeared on June 25 and returned the next morning as instructed.

10. Even assuming ICE possessed authority to cancel the earlier release once it intended to execute the order, that does not answer the separate issue presented: what process governed continued custody after the long-expired removal period? ECF No. 11-1 contains no individualized custody analysis, no assessment of danger or significant flight risk, and no record of the prompt interview contemplated by § 241.4(l). The new exhibit therefore narrows the dispute but does not eliminate it.

7

## IV. THE CUSTODY-PROCESS CLAIM CAN BE RESOLVED WITHOUT REVIEWING REMOVABILITY

11. Respondents repeat the Opinion's conclusion that Petitioner's detention claim depends on whether he may be removed. ECF No. 11 at 2. But Petitioner accepts for purposes of this motion that the removal order remains final. The Court need not decide the motion to reopen, the I-130, the NTA issue, or any ground for immigration relief. It need decide only whether the Executive followed the procedures governing present physical custody after cancelling release.

12. That distinction is consistent with Part II of *Jennings v. Rodriguez*, which concluded that § 1252(b)(9) did not channel genuine detention claims where the plaintiffs did not seek review of a removal order or the process for determining removability. 583 U.S. 281, 293–95 (2018) (plurality opinion). It also fits the distinction recognized in *Khalil v. President, United States* between claims genuinely directed to detention and claims that merely repackage objections to removal. 164 F.4th 259, 274, 277–79 (3d Cir. 2026) (per curiam). Requiring a reasoned custody determination would leave the removal order untouched.

8

13. The same jurisdictional distinction was applied in *V.S.P.H. v. Soto*, No. 2:25-cv-18835 (SDW), slip op. at 3–4 (D.N.J. Feb. 10, 2026). There, this District held that § 1252(b)(9) did not bar a narrow claim that respondents failed to follow their own procedures before re-detention because the claim concerned the legality of detention, not the merits of removal. Although *V.S.P.H.* involved an order of supervision and 8 C.F.R. § 241.13 rather than Petitioner's I-220A and § 241.4, its jurisdictional reasoning is directly relevant: deciding whether required custody procedures were followed does not review or disturb the removal order.

## V. THE PRESENT UNREMEDIED CUSTODY INJURY SUPPORTS RECONSIDERATION

14. The opposition states that Petitioner has shown no manifest injustice. Yet Petitioner remains detained even though Respondents allege no crime and the new exhibit identifies no failure to comply. The record still contains no reasoned post-removal-period custody decision and no identified prompt informal interview. A later petition for review of the removal order cannot restore the liberty lost while those custody procedures remain unaddressed.

15. Petitioner therefore respectfully requests that the Court grant reconsideration. At minimum, the Court should reopen the matter for a limited supplemental response requiring Respondents to identify the statutory and regulatory basis for continued custody and to produce the revocation notice, custody decision, and interview record, if any.

## CONCLUSION

16. For these reasons, Respondents' opposition does not establish that reconsideration is procedurally improper or that the regulatory custody claim was previously resolved. Petitioner respectfully requests that the Motion for Reconsideration be granted, or alternatively that the Court order limited supplemental briefing and production concerning compliance with 8 C.F.R. § 241.4.

Respectfully submitted,
Dated: August 5, 2026

Jose Fredy Palma Portillo
Pro Se Petitioner
A No. 087-533-081
Currently detained at:
Delaney Hall Detention Facility
451 Doremus Avenue
Newark, NJ 07105

10

## CERTIFICATE OF SERVICE

I certify that on August 5, 2026, a true and correct copy of Petitioner's Proposed Limited Reply in Further Support of the Motion for Reconsideration, submitted with Petitioner's Request for Leave was served by first-class U.S. mail and by email upon counsel for Respondents:

Kevin J. Maggio
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
Civil Division
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
kevin.maggio@usdoj.gov

John Francis Basiak
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
402 East State Street, Room 430
Trenton, NJ 08608
john.basiak@usdoj.gov

Jose Fredy Palma Portillo
Pro Se Petitioner

11